UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| REQUEST FOR JUDICIAL | ) | |
| ASSISTANCE FROM THE NATIONAL | ) | |
| FIRST INSTANCE COURT IN LABOR | ) | |
| MATTERS NO. 30 IN BUENOS AIRES, | ) | Misc. No. |
| ARGENTINA IN THE MATTER OF | ) | |
| CARLOS ALBERTO ROSERO | ) | |
| RIASCOS V. DISTRIBUIDORA | ) | |
| CUMMINS, ET AL. | ) | |

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION
FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

Now comes the United States of America, by its counsel, Erica H. MacDonald, United States Attorney for the District of Minnesota, and Andrew Tweeten, Assistant United States Attorney, and submits this Memorandum of Law in support of the *Ex Parte* Application for Order, pursuant to 28 U.S.C. § 1782, to execute a Letter of Request from judicial authorities in Buenos Aires, Argentina for international judicial assistance to obtain certain bank records from Wells Fargo.

**INTRODUCTION**

The request for international judicial assistance comes from the National First Instance Court in Labor Matters No. 30 in Buenos Aires, Argentina. Specifically, the Court has issued a Letter of Request requesting judicial assistance to obtain bank records for use in the case captioned: *Carlos Alberto Rosero Riascos v. Distribuidora Cummins, et al.*, Ref No. 2896/16, which is currently pending in this Court. See Declaration of

Assistant United States Attorney Andrew Tweeten, Exhibits A and B.

The facts of this case, as stated in the Letter of Request, indicate that the matter is a civil proceeding in which the Argentine Court is adjudicating the labor claim brought by Carlos Alberto Rosero Riascos.  Rosero Riascos seeks collection of final pay due to dismissal and salary differences, plus interest and court fees.  The Court needs Wells Fargo to verify whether an attached document is valid and to whom or on the account of whom the credits of shares were made on the Carlos Alberto Rosero Riascos's account.

The Argentine Court's request was transmitted to the United States Department of Justice, Civil Division, Office of International Judicial Assistance, Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, 23 U.S.T. 2555, *reprinted in* 28 U.S.C. § 1781, note.1 ("Hague Evidence Convention").

The request was then transmitted to the U.S. Attorney's Office for the District of Minnesota for execution in accordance with 28 C.F.R. § 0.49(c).  In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782.

## ARGUMENT

### I.     THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and

to further the accommodation of the different methods which they use for this purpose."

Hague Evidence Convention pmbl.  The Hague Evidence Convention "prescribes certain

procedures by which a judicial authority in one contracting state may request evidence

located in another contracting state."  *Société Nationale Industrielle Aérospatiale v.*

*U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987).  The Hague Evidence

Convention is in force in both the United States and Argentina.  Hague Conference on

Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking*

*of   Evidence   Abroad   in   Civil   or   Commercial   Matters*,   available   at

https://www.hcch.net/en/instruments/conventions/status-table/?cid=82   (last   visited

October 22, 2018) (The Hague Evidence Convention entered into force in Argentina on

July 7, 1987).

> Article 10 of the Hague Evidence Convention provides that:
>
> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

Hague Evidence Convention, art. 10.

Furthermore, Article 9 of the Hague Evidence Convention provides, in pertinent

part, that: "the judicial authority which executes a Letter of Request shall apply its own

law as to the methods and procedures to be followed, and that a 'Letter of Request shall be

executed expeditiously.'"  *Id*. at art. 9.

Under Article VI of the United States Constitution, treaty provisions, such as the

Hague Evidence Convention, are the law of the land, on an equal footing with acts of

Congress, and are binding on the courts.   *See Bell v. Clark*, 437 F.2d 200, 203

(4th Cir. 1971); *see also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating

that self-executing treaties are "immediately and directly binding on state and federal

courts pursuant to the Supremacy Clause.") (Roders, J., concurring); *Bishop v. Reno*,

210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full

parity with a treaty.")

## II.   STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

The authority for this Court to assist foreign tribunals in obtaining documents is

contained in 28 U.S.C. § 1782.  This section states, in pertinent part:

> Assistance to foreign and international tribunals and to litigants
> before such tribunals
>
> (a) The district court of the district in which a person resides or
> is found may order him to give his testimony or statement
> or to produce a document or other thing for use in a
> proceeding in a foreign or international tribunal, including
> criminal investigations conducted before formal
> accusation. The order may be made pursuant to a letter
> rogatory issued, or request made, by a foreign or
> international tribunal or upon the application of any
> interested person and may direct that the testimony or
> statement be given, or the document or other thing be
> produced, before a person appointed by the court. By virtue
> of his appointment, the person appointed has power to
> administer any necessary oath and take the testimony or
> statement. The order may prescribe the practice and
> procedure, which may be in whole or part the practice and
> procedure of the foreign country or the international
> tribunal, for taking the testimony or statement or producing
> the document or other thing. To the extent that the order

4

> does not prescribe otherwise, the testimony or statement
> shall be taken, and the document or other thing produced,
> in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a); s*ee also Aérospatiale*, 482 U.S. at 529 (providing a brief history of

the Hague Evidence Convention).  Section 1782 "is the product of congressional efforts,

over the span of 150 years, to provide federal-court assistance in gathering evidence for

use in foreign tribunals."  *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 247

(2004).  By this law, Congress intended that the United States set an example to other

nations by making judicial assistance generously available.  *See, e.g.*, *In re Request for*

*Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54

(11th Cir. 1988).  District courts have repeatedly appointed Assistant United States

Attorneys to act as commissioners pursuant to this provision for the purpose of rendering

judicial assistance to foreign courts in response to a request for assistance. *See, e.g.*,

*In re Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007).

This Court is authorized to provide assistance to a foreign tribunal if the three

requirements set forth in § 1782 are met.  Those requirements are: (1) the person or

document for which discovery is sought resides or is found in the district; (2) the discovery

is for use in a proceeding before a foreign or international tribunal; and (3) the application

is made "by a foreign or international tribunal" or "any interested person."  *In re:*

*Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take*

*Discovery,* 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz,*

*LLP*, 376 F.3d 79, 83 (2d Cir. 2004); *see also S.* Rep. No. 88-1580 at 2 (1964), *reprinted*

*in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met.  First, Wells Fargo "resides or is found in" the District of Minnesota because the bank's offices are located in Mendota Heights, Minnesota.  Second, the Letter of Request explains that the documents are "for use in a proceeding before a foreign tribunal" as such bank records are needed to assist the Argentine Court in deciding the labor dispute between Carlos Alberto Rosero Riascos against Distribuidora Cummins and others.  *Id*.  Third, the Letter of Request itself also reflects that it "is made by a foreign or international tribunal."  *Id*.  Moreover, in order to fulfill the treaty obligations of the United States, the United States Attorney for this district is an "interested party" that has applied to this Court for authority to obtain the requested bank records.

### III.   DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."  *See Intel*, 542 U.S. at 264.  Indeed, Section 1782 "affords the district courts 'wide discretion' in responding to requests for assistance in proceedings before foreign tribunals."  *Al Fayed v. United States*, 210 F.3d 421, 424 (4th Cir. 2000).  The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

6

(1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65.  "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424; *see also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity.").  Here again, each of these discretionary factors weigh in favor of assisting the Argentine Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech,* 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]; *see also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid.").  Wells Fargo is not a party to

7

the proceedings and is not subject to the Argentine Court's jurisdiction because it is located in Minnesota; thus, the first factor weighs in favor of granting the motion.

Second, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Argentine Court or the character of the proceedings.  Additionally, this request was initiated by the Argentine Court and not by an independent party; therefore, the Argentine Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion.  *See In re Svitavy*, 748 F. Supp. 2d at 527.

With respect to the third factor, because the requester is the Argentine Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Argentine discovery rules or to thwart policies of either the United States or Argentina. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). While the records and information sought by the Argentine Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. § 3401 et seq., does not apply to this request under § 1782.  *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to DOJ attorney who was acting in capacity as a commissioner under § 1782); *In re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp. 403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

8

Therefore, the third *Intel* factor weighs in favor of granting the Argentine Court's request for judicial assistance.

And with respect to the fourth factor, the requests asks Wells Fargo to verify one document and provide information regarding to whom or on the account of whom those credits of shares were made and therefore would not be unduly intrusive or burdensome. *See, e.g., Id.* (holding that providing a DNA by buccal swab is not unduly burdensome). *See also In re Clerici,* 481 F.3d at 1332 (holding that it was the witness's burden to file a motion to limit discovery and as he had not done so, the Court was not going to address the scope of the request). Thus, the fourth factor also weighs in favor of granting the request.

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Argentine Court.

## CONCLUSION

Attached to the Declaration of Assistant United States Attorney Andrew Tweeten, is the proposed subpoena that this office intends to serve (in substantially similar format) on Wells Fargo should the Court grant the Application pursuant to 28 U.S.C. § 1782. Upon receipt, the records will be sent to the Department of Justice, Civil Division, Office of International Judicial Assistance for transmission to the National First Instance Court in Labor Matters No. 30 in Buenos Aires, Argentina.

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Assistant United States Attorney

Andrew Tweeten as Commissioner for the purpose of issuing a subpoena to execute the

request for international judicial assistance.

Dated:  October 23, 2018                    Respectfully submitted,

                                            ERICA H. MacDONALD
                                            United States Attorney

                                             s/ Andrew Tweeten

                                            BY:  ANDREW TWEETEN
                                            Assistant U.S. Attorney
                                            Attorney ID Number 0395190
                                            600 U.S. Courthouse
                                            300 South Fourth Street
                                            Minneapolis, MN  55415
                                            (612) 664-5600
                                            andrew.tweeten@usdoj.gov